UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 08-130

MARCHELLO JONES                              SECTION R

## ORDER AND REASONS

On March 3, 2009, defendant Marchello Jones pleaded guilty to conspiracy to commit a drug trafficking crime in violation of 21 U.S.C. §§ 846 and 851 and discharging a firearm during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii).[1] In the plea agreement, Jones waived his right to appeal and collaterally challenge his conviction and sentence.[2] Jones was sentenced to 240 months imprisonment for conspiracy to commit a drug trafficking offense and 120 months for discharging a firearm during a drug trafficking crime, to be served consecutively.[3] Jones's direct appeal was dismissed as frivolous.[4]

Jones now asks the Court to vacate his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[5] The Court in *Johnson* held that the

---

[1] *See* R. Doc. 197; R. Doc. 245; R. Doc. 54.
[2] R. Doc. 197 at 3.
[3] R. Doc. 245 at 2.
[4] R. Doc. 269.
[5] R. Docs. 359, 365.

1

"residual clause" of the Armed Career Criminal Act was unconstitutionally vague. 135 S. Ct. at 2557. This clause defines a "violent felony" as, among other things, a felony "involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court's opinion in *Johnson* did not affect, or even address, the "drug trafficking crime" definition in Section 924.

Jones's claim is meritless.[6] He points out that Section 924(c) contains a residual clause in the "crime of violence" definition. *Id.* § 924(c)(3)(B) (defining "crime of violence" as, among other things, a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). But Jones was convicted of discharging a firearm in furtherance of a *drug trafficking crime*, not a crime of violence. The statute's definition of "drug trafficking crime" includes no residual clause. *Id.* § 924(c)(2) ("For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or

---

6    The Government argues that this post-conviction challenge is procedurally defaulted and barred by the appeal waiver in Jones's guilty plea. R. Doc. 377. The Court need not address these arguments because Jones's claim fails on the merits.

chapter 705 of title 46."). Because *Johnson* has no bearing on Jones's § 924(c) conviction, the Court DENIES Jones's petition for post-conviction relief.

The Rules Governing Section 2255 Proceedings provide that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir.2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons set forth in this order denying relief, Jones fails to satisfy this standard, and the Court DENIES a certificate of appealability.

New Orleans, Louisiana, this ___15th___ day of September, 2017.

_____Sarah Vance_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE